FILED
2013 Oct-30 PM 03:37
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GREGORIA HERNANDEZ HERNANDEZ, et al., | } } } |
| Plaintiffs, | } Case No. 2:12-CV-03618-WMA } } |
| HANKOOK TIRE AMERICA CORPORATION, et al., | } } } |
| Defendants. | } |

**MEMORANDUM OPINION AND ORDER**

Before the court is the motion for partial summary judgment filed by Hankook Tire America Corporation and Hankook Tire Company, Ltd., and joined in part by Ford Motor Company, Wal-Mart Stores, Inc., and Wal-Mart Stores East, L.P. (collectively "defendants"). Defendants seek summary judgment on the wrongful death claim brought by Paloma Santiago Hernandez ("plaintiff"), as administrator ad litem for the estate of Valente Santiago Garcia, deceased, based on lack of standing.[1]  Defendants' motion will be denied because, as explained more fully below, Alabama law grants standing to administrators ad litem to pursue wrongful death claims and prohibits collateral attacks upon the orders appointing the administrators ad litem except on the basis of lack of jurisdiction in the appointing authority.

---

[1] Hankook Tire America Corp. and Hankook Tire Co. also sought summary judgment on the failure to warn claims by Paloma Santiago Hernandez and Gregoria Hernandez Hernandez. Ford Motor Co., Wal-Mart Stores, and Wal-Mart Stores East did not join in that part of the motion. The failure to warn claims were later dismissed, so the court need not consider them. Doc. 57.

**Background**

The parties do not dispute the material facts relating to plaintiff's appointment as administrator ad litem. Plaintiff was appointed administrator ad litem for the estate of Valente Santiago Garcia, deceased, by the Circuit Court of Shelby County, Alabama, on January 30, 2012. Def.'s Mot. Summ. J. Ex. D. The order specifies that the appointment is "for the limited purpose of bringing a wrongful death cause of action." *Id.* Plaintiff brought the instant wrongful death action on October 16, 2012.

**Analysis**

To grant summary judgment, a court must determine that no genuine dispute of material fact exists and that movant is entitled to judgment as a matter of law. F. R. Civ. P. 56. For the purposes of summary judgment, the court views all admissible evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in that party's favor. *Scott v. Harris*, 550 U.S. 372, 378 (2007) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). As noted above, the parties do not dispute the material facts relating to plaintiff's appointment as administrator ad litem. Accordingly, the motion centers on whether these facts entitle defendants to judgment as a matter of law.

Defendants make two primary arguments for summary judgment. First, they argue that all administrators ad litem lack standing to pursue wrongful death claims in Alabama. Second, they argue that

2

plaintiff's appointment as administrator ad litem was improper because the order pre-dated any related proceedings. The court finds, first, that the Supreme Court of Alabama has unambiguously ruled that administrators ad litem do have standing to pursue wrongful death claims and, second, that defendants cannot collaterally attack the appointment order here on the basis that it pre-dates any related proceedings. The below sections provide the court's reasoning.

<u>Standing of Administrators Ad Litem</u>

Two Alabama statutes pertain to defendants' argument that administrators ad litem lack standing to pursue wrongful death claims. The first statute, ALA. CODE § 43-2-250 (1975), mandates that courts appoint an administrator ad litem when a decedent's estate requires representation and where no executor or administrator exists or where the executor or administrator has an interest adverse to the estate. The second statute, ALA. CODE § 6-5-410 (1975), authorizes the "personal representative" of a decedent to file a wrongful death action. The latter statute does not make clear whether an administrator ad litem qualifies as a "personal representative" so as to have standing to file a wrongful death action. *See id.*

Although the statutes are silent on the questions raised, the Supreme Court of Alabama has ruled that administrators ad litem do have standing to file wrongful death actions. *Affinity Hospital,*

*LLC v. Williford*, 21 So. 3d 712, 718 (Ala. 2009). Although the Supreme Court in *Williford* acknowledged that the statutes neither expressly grant nor expressly deny administrators ad litem the authority to file wrongful death actions, the Supreme Court concluded that the plaintiff in that case, "acting in her capacity as an administrator ad litem, **was** a 'personal representative' within the meaning of Ala. Code 1975, § 6-5-410, and **was**, therefore, vested with the authority conferred by that section to file a wrongful-death action." *Id.* (emphasis added). Thus, *Williford* unambiguously holds that administrators ad litem have standing to pursue claims identical to the claim pursued here. *Id.* This being a diversity case, this court is bound by *Williford*.

Defendants emphasize the contrary conclusion that was drawn by a single justice of the Supreme Court. Def.'s Mot. Summ. J. 19-21 (citing *Golden Gate Nat. Senior Care, LLC v. Roser*, 94 So. 3d 365 (Ala. 2012) (Bolin, J., concurring)). Defendants' arguments in support of Justice Bolin's position would be better addressed to the Supreme Court. Until the Supreme Court changes its mind, this court must adhere to *Williford*. Accordingly, the court finds that plaintiff has standing to pursue her wrongful death claim.

<u>Plaintiff's Appointment as Administrator Ad Litem</u>

Defendants also contend that plaintiff lacks standing because her appointment was improper. Def.'s Mot. Summ. J. 18-19. The alleged impropriety derives from the fact that the appointment pre-

4

dated the filing of the instant action, admittedly a related proceeding. *Id.*

The applicable statute, ALA. CODE § 43-2-250 (1975), requires appointment of an administrator ad litem "when, in any proceeding in any court," a decedent's estate needs representation and either no executor or administrator exists or the executor or administrator has an interest adverse to the estate. The statute does not speak directly to the timing of the appointment, i.e., whether it must occur in the course of an existing proceeding in order to be effective.[2] *See id.*

The Supreme Court has not expressly ruled on whether the appointment of an administrator ad litem must occur during an existing proceeding in order to be proper and to give standing to the administrator. *See Affinity Hospital, LLC v. Williford*, 21 So. 3d 712, 718 n.4 (Ala. 2009). The language quoted by defendants purporting to limit appointments to existing proceedings comes from a concurrence and does not bind this court. Def.'s Mot. Summ. J. 18-19 (quoting *Golden Gate Nat. Senior Care, LLC v. Roser*, 94 So. 3d 365, 370 (Ala. 2012) (Bolin, J., concurring)). The fact that the Supreme Court has allowed administrators ad litem to pursue wrongful death claims, even when their appointments pre-dated

---

[2] The language "**in** any proceeding" may support the interpretation that the appointment must be made during an existing proceeding. *See* § 43-2-250. However, that interpretation would greatly limit the statute's coverage, effectively redefining "**any** proceeding" to mean only those proceedings that have already begun. *See id.* The ambiguous language "in any proceeding" does not justify such a significant limitation on the statute's coverage. *See id.*

related proceedings, gives indirect if not direct guidance toward the finding of a valid appointment. *See Williford*, 21 So. 3d at 716-17.

Defendants' argument is answered, if not by its lack of merit, by the circumstances in which defendants have raised it. Defendants are disputing and purporting to attack the Shelby County court's appointment order in a subsequent wrongful death action. An Alabama judgment or order is "conclusive on collateral attack" if it appears "regular on its face and indicates subject matter and personal jurisdiction." *Randolph Cnty. v. Thompson*, 502 So. 2d 357, 362 (Ala. 1987) (citation omitted); *see also Greenhill v. Bear Creek Dev. Auth.*, 519 So. 2d 938, 939 (Ala. 1988). *Franks v. Norfolk Southern Railway Company*, 679 So. 2d 214 (Ala. 1996) applies this limiting principle to collateral attacks on orders appointing administrators ad litem. In *Franks*, the defendant in a wrongful death action disputed the probate court's appointment of the administrator ad litem. *Id.* The defendant had not directly attacked the appointment order in probate court or filed an appeal from the appointment order. *Id.* at 215-16. The Supreme Court first noted that collaterally attacking the appointment order in the wrongful death action could not succeed unless the record showed on its face that the probate court lacked jurisdiction to make the appointment. *Id.* at 217-18 (quoting *Meriwether v. Reynolds*, 289 Ala. 361, 364 (1972)). When the Supreme Court thereupon found that

6

probate courts and circuit courts both have jurisdiction to appoint administrators ad litem, the order of appointment was presumed valid and could not be collaterally attacked in the subsequent wrongful death action. *Id.*

Similarly, in the instant case, defendants cannot attack plaintiff's appointment order as a means of attacking her standing. Defendants did not seek to vacate the appointment order in circuit court and did not appeal the order, even though the order recited the express purpose of authorizing the administrator ad litem to "bring[] a wrongful death cause of action." *See* Def.'s Mot. Summ. J. Ex. D.  Defendants do not and cannot allege that the appointment order is void because the circuit court lacked jurisdiction to issue it. *See Franks*, 679 So. 2d at 217-18 (both circuit courts and probate courts have jurisdiction to appoint administrators ad litem).  Absent a defect that renders it void, the appointment order is deemed conclusive regardless of the merit of defendants' argument that appointments must occur during existing proceedings to be proper.

Last but not least, it seems to the court that defendants' position translates to "there is no redress for this decedent's death even if we caused it."  Defendants conspicuously do not argue that plaintiff or any representative of the decedent's estate could have found their way to court but failed to know how to accomplish that feat.  Instead, defendants imply that the redressability of a wrongful death in circumstances requiring an administrator ad litem

depends entirely on serendipity— whether a related proceeding happens to be pending when someone seeks to be named administrator ad litem. In and of itself, this observation does not mean that Alabama **could not** provide by statute that appointments of administrators ad litem, in order to be effective, must occur during existing proceedings. *See Clapper v. Amnesty Intl. USA*, 133 S.Ct. 1138, 1154 (2013) (citation omitted) ("[t]he assumption that if respondents have no standing to sue, no one would have standing, is not a reason to find standing"). However, the hypertechnical interpretation that defendants place on § 43-2-250 would preclude redress automatically for all wrongful deaths that need administrators ad litem but that happen to occur when no related proceeding is pending. Would defendants be satisfied if the case were stayed while plaintiff obtains a redundant appointment as administrator ad litem while this case is pending? Logically, the creation of an administrator ad litem must come before the said administrator can file a suit. The horse ordinarily goes before the cart.

    Based on the foregoing analysis, the court finds that defendants are not entitled to judgment as a matter of law on the issue of plaintiff's standing to pursue her wrongful death claim. The motion for partial summary judgment is DENIED.

DONE this 30th day of October, 2013.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE