FILED

2014 Jul-03  PM 02:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| GREGORIA HERNANDEZ HERNANDEZ, et al., | } } } | |
| Plaintiffs, | } } | Case No. 2:12-CV-03618-WMA |
| HANKOOK TIRE AMERICA CORPORATION, et al., | } } } | |
| Defendants. | } | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion to compel discovery filed by defendants Hankook Tire America Corporation and Hankook Tire Company, Ltd. (collectively "Hankook").  This products liability action involves the blown tire and subsequent crash of a Ford Explorer on I-65.  The driver, Valente Santiago Garcia ("Garcia"), died in the crash, and the passenger, plaintiff Gregoria Hernandez Hernandez ("Hernandez"), sustained personal injuries.  Hernandez and plaintiff Paloma Santiago Hernandez, as administrator ad litem for Garcia's estate, instituted this action seeking compensatory and punitive damages.  Through this motion, Hankook seeks an order (1) compelling Hernandez to answer deposition questions about her immigration status and Garcia's past immigration status, and (2) compelling plaintiffs to provide complete answers to Hankook's Fourth Set of Discovery Requests, which asks each plaintiff to identify every name and social security number used by herself and by Garcia.

1

For the reasons set forth below, the court will grant Hankook's motion in part. The court will order Hernandez to answer deposition questions about her immigration status and Garcia's past immigration status, but in order to preserve a privilege, including her privilege against self-incrimination, she may refuse to answer or may make a motion under Fᴇᴅ R. Cɪᴠ. P. 30(d)(3). The court will not compel plaintiffs to provide complete answers to Hankook's Fourth Set of Discovery Requests because plaintiffs have asserted their privilege against self-incrimination, a constitutional right not waived by missing a discovery deadline by seven weeks, and because the information sought has such tenuous relevance that it is not reasonably calculated to lead to admissible evidence.

**DISCUSSION**

Hankook's motion asks this court to intervene with respect to their deposition of Hernandez and their Fourth Set of Discovery Requests sent to both plaintiffs. Plaintiffs counter that Hankook's deposition questions regarding immigration status were asked in bad faith, and that immigration status is irrelevant. They further state that plaintiffs assert their privilege against self-incrimination, presumably with respect to both the deposition questions and the Fourth Set of Discovery Requests. The court will address each discovery issue in turn.

**I.   Deposition of Hernandez**

At Hernandez's deposition, Hankook asked her two questions regarding her immigration status, once repeating the question for

the translator. Doc. 69-4 at 22-25.  Her counsel objected to the form and relevance, stated that there may be a component of the privilege against self-incrimination, noted that they may assert other grounds, and instructed Hernandez to not answer the questions. *Id.*  Hankook then asked about Garcia's past immigration status, and Hernandez's counsel objected on the same grounds and instructed Hernandez to not answer. *Id.* at 26-27.  Hankook now asks the court to compel Hernandez to answer their deposition questions regarding her immigration status and Garcia's past immigration status.  Plaintiffs contend that Hernandez should not have to answer because (A) Hankook asked the questions in bad faith; (B) immigration status is irrelevant; (C) and Hernandez asserts her privilege against self-incrimination.

### A.   Bad Faith

Plaintiffs claim that Hankook asked Hernandez the questions on immigration status in bad faith in an attempt to scare or harass plaintiffs, and ask the court to prohibit Hankook from continuing to do so pursuant to Rule 30(d)(3)(A).  The federal rules recognize a motion under Rule 30(d)(3) as a valid reason for instructing a deponent to not answer a question. FED R. CIV. P. 30(c)(2).  Rule 30(d)(3)(A) provides that, "[a]t any time **during** a deposition, the deponent or a party may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party." FED R. CIV. P. 30(d)(3)(A) (emphasis added).  However,

plaintiffs did not present a motion under Rule 30(d)(3) **during** the deposition and, in fact, never filed such a motion with this court. *See Redwood v. Dobson*, 476 F.3d 462, 467-68 (7th Cir. 2007) (Rule 30 "specifies how harassment is to be handled. Counsel for the witness may halt the deposition and apply for a protective order ... but must not instruct the witness to remain silent."). Although plaintiffs may present a motion under Rule 30(d)(3) in the future, if warranted, the court cannot consider such a motion as justification for Hernandez's refusal to answer Hankook's questions at her past deposition. The court will not **prospectively** limit Hankook's questions based on the excerpts from the deposition transcript, which reveal only a civil exchange between counsel and apparently polite, non-harassing questions. *See* Doc. 69-4.

   **B. Relevance**

   Plaintiffs contend that Hernandez should not have to answer deposition questions regarding her immigration status and Garcia's past immigration status because such questions are irrelevant to the material issues and are not reasonably calculated to lead to admissible evidence. Plaintiffs quote the standard for the scope of discovery in Rule 26(b)(1), but Rule 30(c)(2) governs depositions. Rule 30(c)(2) specifies that "[a] person may instruct a deponent not to answer **only** when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fᴇᴅ R. Cɪᴠ. P. 30(c)(2)

(emphasis added).   Relevance does not fall under any of these categories, unless the questions rise to the level of bad faith warranting a motion under Rule 30(d)(3). *See Redwood v. Dobson*, 476 F.3d 462, 467-68 (7th Cir. 2007); *Parson & Whittemore Enters. Corp. v. Cello Energy LLC*, 2010 WL 1994857, at *3 (S.D. Ala. Mar. 29, 2010).   In short, lack of relevance does not give Hernandez justification under Rule 30(c)(2) to not answer Hankook's deposition questions.

Because the parties have contested discovery on immigration status only in the context of Hernandez's deposition, and lack of relevance does not allow Hernandez to refuse to answer deposition questions, the court need not address the relevance of either Hernandez's or Garcia's immigration status at this time.

**C.   Fifth Amendment**

At her deposition, Hernandez raised her Fifth Amendment right against self-incrimination as a possible basis for refusing to answer Hankook's questions regarding immigration status.   She has since asserted her right more clearly.[1]  Doc. 71 at 4-5.   The Fifth Amendment right against self-incrimination qualifies as a

---

[1] The response brief states: "Hankook's repeated accusation that the Plaintiffs are illegal or that their conduct is illegal is threatening. Furthermore, Hankook's suggestion that the Plaintiffs have used false identities or social security numbers amounts to an accusation that they have committed a crime. In response to such allegations and related questions, the Plaintiffs do invoke their Fifth Amendment right against self-incrimination." Doc. 71 at 4-5.  Plaintiffs' assertion of their Fifth Amendment right appears to apply to both topics of Hankook's motion: the "accusation" that "Plaintiffs are illegal" refers to the immigration status deposition questions and the "accusation" that they "used false identities or social security numbers" refers to the Fourth Set of Discovery Requests.

"privilege" under Rule 30 such that the deponent can refuse to answer questions. *See Pillsbury Co. v. Conboy*, 459 U.S. 248, 256-57 (1983) (absent a grant of immunity).   However, the privilege against self-incrimination is "purely personal" and cannot be asserted on another's behalf, even by a person's successors. *United States v. Ayers*, 615 F.2d 658, 660 (5th Cir. 1980).[2]   Thus, Hernandez's privilege against **self**-incrimination does not extend to any questions about Garcia's immigration status, except to the extent that she also would incriminate herself by answering.

Hankook contends that Hernandez has not identified how answering questions about her or Garcia's immigration status could subject her to criminal liability.   The Eleventh Circuit has acknowledged that there are "'some crimes related to immigration violations'" even if "immigration law is more properly classified as regulatory rather than criminal." *United States v. Garcia-Cordero*, 610 F.3d 613, 618 (11th Cir. 2010) (citations omitted).   Crimes plausibly related to immigration status include unauthorized entry into the United States, 8 U.S.C. § 1325, falsely representing onself as a citizen of the United States, 18 U.S.C. § 911, and using false identification documents, 18 U.S.C. § 1028. Although Hankook cites one case that rejected a Fifth Amendment claim for failing to identify potential criminal liability from

---

[2] All cases decided by the Fifth Circuit on or before September 30, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

discussing immigration status, *see Davila v. Grimes*, 2010 WL 1737121, *2-3 (S.D. Ohio Apr. 29, 2010), Hankook elsewhere cites a case that reached the opposite conclusion and allowed a Fifth Amendment claim because of the potential criminal liability from discussing immigration status, *see Bermudez v. Karoline's Int'l Rest. Bakery Corp.*, 2013 WL 6146083, at *5 (E.D.N.Y. Nov. 21, 2013). Immigration enforcement may not frequently involve criminal liability in practice, but the Fifth Amendment does not require Hernandez to play the odds if there is "even a remote risk" that she will be prosecuted and her answers "might tend to reveal" that she committed a crime. *In re Corrugated Container Anti-Trust Litig.*, 620 F.2d 1086, 1091 (5th Cir. 1980).

Accordingly, the court will deny Hankook's motion to compel to the extent that Hernandez asserts her privilege against self-incrimination, but will grant Hankook's motion to compel to the extent that Hernandez can answer questions about her or Garcia's immigration status without incriminating herself.

Hankook urges the court to make an adverse inference from Hernandez's invocation of her Fifth Amendment privilege against self-incrimination. The Eleventh Circuit has acknowledged that district courts may allow such adverse inferences in civil cases. *See, e.g., United States v. A Single Family Residence & Real Prop. Located at 900 Rio Vista Blvd., Fort Lauderdale*, 803 F.2d 625, 630 n.4 (11th Cir. 1986) (citing *Baxter v. Palmigiano*, 425 U.S. 308,

318 (1976)).   However, ruling on Hankook's proposed adverse inference at this point in discovery is premature.  The court will address whether Hernandez's immigration status is probative, and whether the proposed adverse inference is appropriate as a pre-trial matter.

## II.  Fourth Set of Discovery Requests

Hankook served its Fourth Set of Discovery Requests on plaintiffs on March 28, 2014, seeking all names and social security numbers used by plaintiffs and by Garcia.  Hankook states that its inquiry was prompted by bank records suggesting that Hernandez and Garcia used stolen social security numbers to obtain a loan to purchase the subject vehicle and tire.  Plaintiffs had until April 27, 2014, to respond or object to the Fourth Set of Discovery Requests pursuant to this court's Scheduling Order. Doc. 33.  Rule 33(B)(4) provides that if a plaintiff fails to timely object on any ground, stated with specificity, the objection is waived unless the court excuses the failure for good cause. FED R. CIV. P. 33(B)(4). Plaintiffs responded on May 21, 2014, and did not invoke the Fifth Amendment privilege against self-incrimination.   Plaintiffs asserted the Fifth Amendment for the first time with respect to the Fourth Set of Discovery Requests in their response brief filed on June 18, 2014. Doc. 71 at 4-5.  Hankook argues that plaintiffs waived the Fifth Amendment objection by not stating it with specificity in a timely response, and asks the court to compel plaintiffs to provide complete answers.   The court will deny

8

Hankook's request because (A) plaintiffs have not waived their Fifth Amendment privilege against self-incrimination by untimely assertion, and (B) the information sought in the Fourth Set of Discovery Requests has such speculative probative value that it is irrelevant.

### A.    Fifth Amendment

This court does not accept as self-evident that plaintiffs have waived their constitutional privilege against self-incrimination solely for missing the discovery deadlines set forth in the scheduling order and Rule 33. Many courts are reluctant to find that claims of privilege have been waived solely because they have been untimely asserted. *See Ayers v. Cont'l Cas. Co.*, 240 F.R.D. 216, 222-23 (N.D. W.Va. 2007) (discussing the split of authority). As for the privilege against self-incrimination specifically, while the Eleventh Circuit has not addressed "this sensitive question," other courts have found that the constitutional grounding of this privilege makes its waiver by untimely assertion particularly problematic. *See United States v. A & P Arora, Ltd.*, 46 F.3d 1152, at *1-2 (10th Cir. 1995) (discussing courts' differing treatments); *Maness v. Meyers*, 419 U.S. 449, 461 n.8 (1975) ("The constitutional basis for this privilege distinguishes it from other privileges..."). Circuits that have found waiver by untimely assertion have done so in more compelling circumstances. *See, e.g., Davis v. Fendler*, 650 F.2d

1154, 1160 (9th Cir. 1981).  The Ninth Circuit, for example, found that a defendant had waived his Fifth Amendment privilege by failing to specifically object to the interrogatories, but that defendant waited fifteen months before asserting the privilege. *Id.* In the present case, plaintiffs asserted their Fifth Amendment privilege seven weeks after the discovery deadline.  While accepting the possibility of such a waiver, *Manness*, 419 U.S. at 466, this court requires a more compelling scenario than plaintiffs' to find a waiver by untimely assertion of the privilege against self-incrimination.  Accordingly, the court will not compel plaintiffs to provide complete answers to Hankook's Fourth Set of Discovery Requests to the extent that plaintiffs justifiably assert their privilege against self-incrimination.

**B.   Relevance**

Hankook contends that the relevance of the information sought in the Fourth Set of Discovery Requests weighs in favor of compelling plaintiffs to provide complete answers.  The scope of discovery is governed by Rule 26(b)(1):

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense... For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed R. Civ. P. 26(b)(1).  Hankook argues that the information sought in the Fourth Set of Discovery Requests is relevant to witness

credibility and because Hankook wants to run additional background checks and seek third party documents related to any additional identities used.

Neither argument persuades the court.  Hankook already has evidence for witness credibility purposes that Hernandez used another person's social security number to obtain the vehicle loan, assuming without deciding that such evidence will be admitted at trial.  Garcia, a decedent, will not appear as a witness.  As for additional background checks, the prospect that conduct by Garcia or Hernandez under another identity could shed light on this products liability case is tenuous indeed.  Presumably the conduct would involve another vehicle or tire, but how that conduct could connect to this case escapes the court, and Hankook did not argue such a connection in its brief. *See* Doc. 69 at 9.  Even more tenuous is the relevance of any names and social security numbers used by plaintiff Paloma Santiago Hernandez, Garcia's daughter and the administrator ad litem for his estate, given that she did not obtain the vehicle loan and was not in present during the crash.

Therefore, the court will not compel plaintiffs to provide complete answers to the Fourth Set of Discovery Requests because the information sought has tenuous relevance and is not reasonably calculated to lead to admissible evidence.  This finding applies equally to the interrogatories concerning Garcia, which plaintiffs could not necessarily have refused to answer pursuant to their privilege against self-incrimination.

11

**CONCLUSION**

For the reasons given above, the court ORDERS Hernandez to answer deposition questions about her immigration status and Garcia's past immigration status unless she refuses to answer pursuant to her privilege against self-incrimination or the presentation of a motion under FED. R. CIV. P. 30(d)(3), if warranted.  The court DENIES Hankook's motion to compel plaintiffs to answer Hankook's Fourth Set of Discovery Requests because they have asserted their privilege against self-incrimination, and the information sought is irrelevant and is not reasonably calculated to lead to admissible evidence.

DONE this 3rd day of July, 2014.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE